STATE, FREDERICK H. COSSITT, PROSECUTOR, v. ANDREAS REIMENSCHNEIDER, COLLECTOR OF THE TOWN OF UNION.

1. The charter of the town of Union, Hudson county, (*Laws*, 1874, *p.* 654, § 18,) excepts from the general assessment, " taxes for gas, water, and ferry, which shall be assessed *in equal proportions* on all lots." *Held*—that an assessment for gas and lamps upon all the town lots by their number, as they appeared on the map, each for an equal sum, without regard to value, is not *in equal proportions*.
2. Where a tax (for interest on township bonds) appears to be regular on the face of the duplicate, the person assessed must show affirmatively and clearly that such tax is illegal or excessive, to annul or reduce it.

On *certiorari*.

Argued at June Term, 1877, before Justices SCUDDER and REED.

For the prosecutor, *A. I. Smith*.

For the defendant, *G. Collins*.

The opinion of the court was delivered by

SCUDDER, J. This *certiorari* brings up the assessment of taxes for the year 1876, against the prosecutor. He is the owner of twenty-seven and three-tenths acres of land in the town of Union, upon which an assessment is made for township, state, and county taxes. These taxes he has paid, excepting two items, which he refuses to pay, and brings this writ to determine their legality.

The first is an assessment of $245.25 for lamps and light. This charge is for lighting the public places and streets within the town limits. The objection is, that the assessment was made by dividing the whole area of the town into lots, and assessing them by their numbers, as they appeared on the assessment map. The sizes of the lots, and their values, were not regarded by the assessor, but each lot was assessed at seventy-five cents for lamps and gas.

The charter of the town of Union (*Laws*, 1874, *p.* 654, § 18,) enacts that taxes for the purposes of the town shall be assessed upon all the property, both personal and real, within the corporate limits of the town, in the manner and within the time directed by the laws of this state for assessing township, county, and state taxes, and shall be collected in like manner, excepting taxes for gas, water, and ferry, which shall be assessed in equal proportions on all lots. This term "equal proportions" means proportioned on the basis of equality. This proportion must be made on the comparative relation of one lot to the other in value, or enjoyment of privilege; without this, there is no equality. The charter does not say, and it does not mean that the assessment shall be made in equal sums on all lots, but in equal proportions.

The mode of assessment which has been adopted for gas and lamps, under this law, of which the prosecutor complains, is not on the basis of value, nor of special benefits, nor any method of equal apportionment known to our law; but each lot has been assessed for an arbitrary sum, without regard to its size, its worth, or the use and benefit derived.

It is not necessary, therefore, to determine the constitutionality of this method of assessment which was supposed to be involved in this question. This tax is illegal, because it is not within the terms of the charter, and is without any authority for its imposition. It is arbitrary and unequal, and must be set aside. Where the terms of a statute will admit of a different interpretation, the legislature will not be presumed to intend a method of taxation opposed to the fundamental law which requires that taxes on land shall be assessed under general laws on the basis of the true value; or, where the assessment is for special purposes, on the principle of peculiar benefits.

The second item to which objection is made, is for "Bulls Ferry road sewer, $278.80." It appears by a more particular statement in the evidence, that this tax is part of the sum of $5250 assessed for interest on Bulls Ferry road sewer bonds. These bonds, it is alleged, were issued by the town-

ship committee, under the supplement to an act to improve Bulls Ferry road, (*Laws*, 1874, *p.* 732, § 8,) for the purpose of redeeming the improvement certificates issued by the commissioners, to pay for the construction of sewers, and for lands required for an outlet for such sewers, in anticipation of special assessments to be made for such improvements. It appears that no assessment has ever been made by the commissioners under Section 7 of the above supplement, for or on account of the sewer in Bulls Ferry road, and that the inhabitants of the township are now called upon to pay the interest on these bonds, for the payment of which no provision is being made according to the terms of the act. How long this is to continue, does not appear.

By Section 8, above cited, it was provided that the interest and a certain percentage of the bonds issued should be assessed against the property lying within the drainage of the sewer or sewers, and applied each year, when collected, to the redemption and cancellation of the bonds. It is not alleged that the present tax is for this purpose, or under this section, but it is levied for the interest of the bonds under the general act approved April 20th, 1876, (*Laws, p.* 227,) which authorizes the several township committees of the state to order the assessor and collector of their respective townships, annually, to assess and collect, at the same time and in the same manner that other township taxes are assessed and collected, such sums as in their judgment may seem necessary for the payment of interest on any township bonds then issued, or which might thereafter be legally issued.

This act gives the power to assess the interest of these bonds upon the inhabitants of the town of Union in this case; and the ultimate payment of the bonds and interest is provided for by the assessments to be made upon the lands benefited.

To show that bonds had not been issued, and that the interest claimed thereon was not due, the prosecutor called upon the clerk of the town to produce the books of minutes, resolutions, and ordinances of the town of Union; and upon

examination, no ordinance or resolution was found in the book of minutes during the years 1874, 1875, or 1876, or in the ordinance books for the same years, in relation to the issue of bonds for the sewer.   The book of blank bonds shows one hundred stubs of bonds issued, but it does not show the amount or dates of issue ; and this the clerk testifies is the only book showing the number of bonds issued for the Bulls Ferry road sewer.   He also says that there is no other book showing the amount of these bonds, or when the interest is due, nor when or to whom they have been issued.

The chairman of the committee of council on assessments, and of the finance committee, was also called, and testified that the item of $5250 was for one and a-half years' interest on the Bulls Ferry sewer bonds.   He further states that the committee got this sum of interest from the town clerk, and that the amount was fixed solely on his statement.   He cannot tell how many bonds have been issued, or whether the figures given by the clerk were correct.   This evidence shows carelessness in keeping the books of the town, and blamable ignorance in those who have charge of its finances, but it does not go to the extent of showing that bonds have not been legally issued for the amount claimed, and that all the interest assessed is not due thereon.

It is significant that the clerk of the town, who gave the statement of the amount to be assessed for interest to the assessment committee, was not asked, upon his examination, what he knew about the issuing of the bonds, and how he made his statement of interest.   In order to set aside the assessment of a tax entered on the duplicates by the proper officer, and with the usual forms prescribed by law, it is required that the person assessed should show affirmatively and clearly that such tax is illegal or excessive.   The testimony in this case fails in this degree of proof, and the tax for interest will be affirmed.

The assessment for gas and lamps will be set aside, without costs by either party.